BARBARA A. COTTER, ESQ. (SBN 142590)
bcotter@cookbrown.com
DANIEL F. C. KOZIEJA, ESQ., (SBN 331123)
dkozieja@cookbrown.com
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227

Attorneys for Defendant DCI DONOR SERVICES, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMAS MENDOZA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DCI DONOR SERVICES, INC. dba SIERRA DONOR SERVICES, and DOES 1 TO 50, inclusive<br><br>          Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br>**(Diversity of Citizenship)**<br><br>Action Filed:  March 28, 2022 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, DCI DONOR SERVICES, INC., hereby removes the above-entitled state court action, bearing Case No. 34-2022-00317483, from the Superior Court of the State of California, County of Sacramento.

### I.   JURISDICTION

This case is hereby removed from state court to federal court because at the time the Complaint was filed, and at the present time, complete diversity of citizenship exists between the parties to this action and the alleged amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).  As set forth below, this action meets all of Section 1332's requirements for removal and is timely and properly removed by virtue of this Notice.

NOTICE OF REMOVAL OF ACTION

## II.   VENUE

The Superior Court of the State of California for the County of Sacramento is located within the Eastern District of California.  Accordingly, this action is properly removed to this Court. (28 U.S.C. § 84(b); Rule 120(d) of the Local Rules for the United States District Court for the Eastern District of California.)

## III.   PLEADINGS AND PROCESS

1.      Plaintiff, Tomas Mendoza ("Plaintiff"), filed this action in state court, alleging state-based employment claims against DCI Donor Services, Inc., ("Defendant").  Attached to the Declaration of Barbara Cotter accompanying this Notice ("Cotter Dec.") as **Exhibit A** is a true and correct copy of the Complaint.  The state court action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) based on diversity jurisdiction.  The state court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

2.      On March 28, 2021, the Sacramento County Superior Court issued an order, delaying the scheduling of an initial case management conference in this matter.  (Cotter Dec., ¶ 4, **Exhibit C**.)

3.      The complaint in this matter was served on April 27, 2022.  (Cotter Dec. ¶ 5, **Exhibit D**.)

4.      Pursuant to 28 U.S.C. Section 1446(a), the attached exhibits constitute all process, pleadings and orders served upon Defendant or received in this action by Defendant.

5.      Defendants "Does 1-50" have been sued under fictious names, and thus their citizenship is disregarded for purposes of diversity pursuant to 28 U.S.C. § 1441(b)(1).

## IV.   TIMELINESS OF REMOVAL

Plaintiff filed the Complaint on March 28, 2022, and it was served on April 27, 2022.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date on which Defendant was served.

## V.   DIVERSITY EXISTS BETWEEN THE PARTIES TO THE ACTION

**A.   Plaintiff is a Citizen of California.**

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd,* 704 F. 2d 1088, 1090 (9th Cir. 1983). The term "domicile" refers to the state where a person intends to reside and continue to reside. *Kanter v Warner-Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Plaintiff was employed by Defendant in California. His personnel records reflect that he has worked continuously in California since 1996. (Declaration of Joe Garavaglia Regarding Notice of Removal, ("Garavaglia Dec."), ¶ 3). Additionally, Plaintiff filed his lawsuit in California. (Cotter Dec., Exhibit A.) Plaintiff has not indicated any intention of relocating.

**B.   Defendant is a Citizen of Tennessee.**

"A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 777, 80-81 (2010). Defendant is incorporated in Tennessee. (Declaration of Jill Grandas ("Grandas Dec.") Regarding Notice of Removal, ¶ 3.) Its highest-level officers are located in Nashville, Tennessee and its activities are controlled and coordinated from that location. (Grandas Dec., ¶ 3.)

In light of the foregoing, Defendant is a citizen of Tennessee. As such, there is complete diversity between the parties to this action.

## VI.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

**A.   Standard for Determining the Amount in Controversy.**

The amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, as required by 28 U.S.C. §1332(a). For purposes of determining whether this threshold amount has been met, the Court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan*

*Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what the defendants will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). Potential defenses to all or part of the claims do not affect the amount in controversy. *Riggins v. Riggins* (9th Cir. 1969) 415 F.2d 1259, 1261-1262.)

Defendant needs only to establish by a preponderance of the evidence that Plaintiff's claims exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

**B.     The Amount in Controversy in This Matter Exceeds the Sum of Seventy-Five Thousand Dollars.**

1.     Plaintiff does not pray for a specific dollar amount in his Complaint. However, he alleges five distinct causes of action, and has demanded compensatory damages under all such claims. (Cotter Dec., Exhibit A at ¶¶ 16, 17, 18, 19, 20, 21, 22, 23, and Prayer for Relief at ¶¶ 1.). In addition, Plaintiff has demanded attorney's fees incurred in prosecuting his action. (Cotter Dec., Exhibit A at ¶ 21, and his Prayer for Relief at ¶ 7.). The specific claims by Plaintiff are the following:

(1) Violation of Government Code § 12940, *et seq* (Disability Discrimination);

(2)  Violation of Government Code § 12940(m) (Reasonable Accommodation);

(3) Violation of Government Code § 12940(n) (Failure to Engage in the Interaction Process);

(4) Violation of Government Code § 12940(k) (Disability Discrimination); and

(5) Violation of Government Code § 12940(h) (Retaliation).

2.     Assuming that Plaintiff prevails in his lawsuit, the information and evidence presented through this notice of Removal reveals that the amount in controversy

**NOTICE OF REMOVAL OF ACTION**

requirement is met.[1]  *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

3.      Plaintiff's first claim for damages states that he suffered substantial losses in earnings, bonuses, and other employment benefits, including but not limited to expenses incurred in obtaining substitute employment.  (Cotter Dec., Exhibit A at ¶ 16.)  The Complaint does not specify the number of wages lost in earnings, bonuses, or other benefits but requests damages in an amount according to proof. (Cotter Dec., Exhibit A at ¶ 16.)

4.      Here, Plaintiff was employed by Defendant from February 8, 2021, to April 5, 2021, as a Hospital Service Coordinator.  At the time of Plaintiff's separation on April 5, 2021, Plaintiff's annualized salary was $67,000.00. Plaintiff received pay of $2,576.92 biweekly.  (Garavaglia Dec at ¶ 4.)  Thus, without mitigation, Plaintiff is alleged to have incurred a minimum of $2,576.92, lost wages biweekly, in connection with his individual employment claims.

5.      The total number of pay periods from April 5, 2021, to May 2, 2022 (the week of removal) is 28. Thus, without even considering other alleged special damages, general damages, punitive damages, or attorneys' fees, Plaintiff's total alleged lost wages from the date of his separation to the date of this removal alone is approximately $72,153.76 (i.e., 28 x $2,576.92).

---

[1] Defendant denies all of the material allegations in Plaintiff's Complaint, denies that Plaintiff was injured in any way, and denies that Plaintiff is entitled to any damages, including interest, attorney's fees, and costs.  All numbers put forth are assumed for the purposes of calculating amount in controversy only, and are not an admission of any liability or Plaintiff's entitlement to any damages, whatsoever.

6.    Based on the 2021 Judicial Caseload Profile for the Eastern District of California, the median time from filing in federal court to trial in a civil case is ten months.[2] Thus, assuming that Plaintiff prevailed on his claims as the parties must for purposes of assessing removability, this case likely would not be resolved at trial until February 2023 (i.e., 10 months from the date the lawsuit was removed to federal court, and approximately 22 months following Plaintiff's separation from employment). At that time, Plaintiff's alleged unmitigated lost wages alone could amount to approximately $ 122,833, i.e., one year and five/sixth of a year of the annualized salary.

7.    Furthermore, available economic damages for discrimination, harassment, and retaliation under the Fair Employment and Housing Act include not only lost wages, but also lost future earnings or frontpay due to impaired earning capacity resulting from a discriminatory discharge, compensation for lost fringe benefits such as the cost of continuing insurance coverage equal to the cost of coverage under the prior employer, and the value of vacation and sick days Plaintiff would have received, if any. *See Toth v. Barstow Unified Sch. Dist.*, No. CV 12-02217 TJH DTBX, 2014 WL 7339210, at *5 (C.D. Cal. Dec. 22, 2014) ("The prevailing plaintiff on FEHA claims may recover, inter alia: (1) Equitable relief (including back pay, frontpay, and declaratory and injunctive relief); and (2) Punitive and compensatory damages (including emotional distress).") (citations omitted). Assuming just one year of front pay brings the amount of Plaintiff's alleged damages in connection with his individual employment claims to $189,833.

8.    Plaintiff also seeks emotional distress damages in connection with his claims. (Cotter Dec., Exhibit A at ¶ 18.)  Looking to jury awards for emotional distress in successful employment discrimination cases, plaintiffs seeking recovery for alleged employment discrimination have frequently been awarded emotional distress damages in excess of $75,000. *See, e.g., Landis v. Pinkertons, Inc.*, 122 Cal. App. 4th 985, 988 (2004) ($275,000 emotional distress damages awarded in wrongful termination case).

---

[2] The complete profile can be found at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2021.pdf

9.      Plaintiff further seeks punitive damages in connection with his claims. (Cotter Dec., Exhibit A at ¶ 19.)  Jury decisions demonstrate that the recovery of punitive damages for violations of FEHA can far exceed the jurisdictional minimum. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686, 701 (2010) (affirming punitive damages award of $1,905,000 in a case where a jury found that the plaintiff had been wrongfully terminated based on her medical condition and related disability). Although Defendant denies that Plaintiff is entitled to any recovery, and certainly denies that he is entitled to punitive damages, by reference to similar litigation proceeding under the same statutory authority, the potential value of Plaintiff's asserted claims for punitive damages alone substantially exceeds the jurisdictional minimum.

10.     Plaintiff further demands reasonable attorneys' fees. (Cotter Dec., Exhibit A at ¶ 21.)  Claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds for diversity jurisdiction.  *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount where an underlying statute authorizes an award of attorneys' fees).

11.     For the purposes of calculating attorneys' fees attributable to the amount in controversy, California district courts use the lodestar method (multiplying the number of hours expended by plaintiff's counsel's hourly rate.)  *Patel v. Nike Retail Services, Inc.,* 58 F. Supp.3d 1032, 1045-1048 (N.D. Cal. July 21, 2014) (attorneys' fees calculated using lodestar method).

12.     Plaintiff's counsel will spend <u>at</u> <u>least</u> 100 hours litigating this action.  *Avila v. Kiewit Corporation*, 2019 WL 4729641 *6 (C.D. Cal. Sept. 26, 2019) (Court reasoned that an estimate of 100 hours of work by Plaintiff's counsel was reasonable for calculating the attorneys' fees for the amount in controversy and that a number of other district courts have held that 100 hours in an appropriate and conservative estimate); *Avila v. P & L Development, LLC,* 2018 WL 1870422 *4 (C.D. Cal. Apr. 18, 2018) (Court made a conservative estimate that Plaintiff's counsel would take 100 hours to see the matter through trial).

13.    The hourly rates approved by this court in similar cases range from $300 hourly to $500 hourly.  Assuming Plaintiff's attorneys' here fall within this standard range, and assuming rates of $400 hourly, attorney's fees in controversy are at least $40,000. Plaintiff's named counsel were all admitted to the practice of law in California several years ago.  Adam Blair Corren in 1996 and Spencer D. Sinclair in 2013.

14.    Based upon the foregoing, a conservative estimate of the amount in controversy as a result of only a portion of plaintiff's claim, the claims for compensation and attorneys' fees, is as follows:

Lost Wages:  ....................................................................$122,833.00

Front pay: ..........................................................................$67,000.00

Attorney's Fees:  ................................................................$40,000.00

Subtotal:  .........................................................................$229,833.00

Accordingly, the amount in controversy exceeds this Court's $75,000 jurisdictional threshold.

**VII.  COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL**

15.    Pursuant to 38 U.S.C. § 1446(a), all state court filings in this matter are submitted herein as exhibits to the Declaration of Barbara Cotter.

16.    In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.  Under Section 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise."  The complaint was served April 27, 2022.

17.    Pursuant to 28 U.S.C. § 1441(a), the United States District Court, Eastern District is the proper venue for the removal, because the Complaint was filed in Sacramento County, which is within the boundaries of the Eastern District of California.

18.    In accordance with 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to counsel of record for Plaintiff, and a Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court of the State of California, County of Sacramento.

NOTICE OF REMOVAL OF ACTION

## VIII. CONCLUSION

For the aforementioned reasons, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1).  Accordingly, the action is properly removed to this court pursuant to 28 U.S.C. §1441(a).

WHEREFORE, Defendant respectfully requests that these proceedings be removed to this court.


DATED:  May 3, 2022                    COOK BROWN, LLP
                                       BARBARA A. COTTER, ESQ.
                                       DANIEL F.C. KOZIEJA, ESQ.


                                       By:  /s/ Daniel F.C. Kozieja
                                           Attorneys for Defendant
                                           DCI DONOR SERVICES, INC.

NOTICE OF REMOVAL OF ACTION